**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Miguel A. PADILLA, Defendant-Appellant.**

No. 82–6037.

United States Court of Appeals, Eleventh Circuit.

April 16, 1984.

Gary S. Pont, Kenneth E. Cohen, Charles G. White, Asst. Federal Public Defenders, Miami, Fla., for Padilla.

Stanley Marcus, U.S. Atty., Nancy L. Worthington, Linda Collins Hertz, James G. McAdams, III, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY, HATCHETT and ANDERSON, Circuit Judges.

RONEY, Circuit Judge:

Miguel Padilla was convicted of importation and possession of cocaine with intent to distribute in violation of 21 U.S.C.A. § 952(a) and § 841(a)(1). Customs inspectors discovered cocaine in Padilla's digestive tract with the aid of an x-ray examination. On appeal, Padilla challenges the district court's denial of a motion to suppress the cocaine detected on the ground that the x-ray search of his person violated his Fourth Amendment rights. The district court held that the search was reasonable. We affirm.

Padilla flew into Miami International Airport on a direct flight from Bogota, Colombia. At the initial customs checkpoint, a customs inspector inquired into how long Padilla would be in the United States, what was the purpose of his trip, and how much money he was carrying. Padilla responded that he planned to be in Miami for eight to ten days and that he had come to the United States to purchase machine parts and a photocopy machine. He was carrying $971 in cash to cover these purchases. Despite his claim to be a salesman, he could produce no business cards or other identification. He was also unable to say how much his ticket cost.

The inspector next examined the contents of the one piece of luggage which Padilla was carrying. She found that he had only a few pairs of dungarees, a couple of t-shirts, and very little toiletries, which she considered unusual for a visit of ten days. Based on the results of the luggage search and Padilla's response to her inquiries, the inspector decided further questioning was warranted.

A second customs inspector continued the same line of questioning. When asked again about the details of his plane ticket, Padilla gave erroneous responses on the date purchased, the price, and the place of purchase. Padilla also was given the opportunity to expand on the purpose of his trip. He stated that he had come to Miami to buy three or four xerox color-copying machines and designer jeans. He explained that he was going to take the machines back to Colombia and set them up in small schools and charge the students for copying classroom work. When asked where he planned to buy these copying machines, he said he would just walk around downtown looking for the best prices. He indicated that he thought the $971 he was carrying would cover the cost of the machines and that he could transport them home in his luggage. Padilla falsely claimed to have reservations at the Hotel Brazil for his stay in Miami.

The inspector's suspicions were heightened by the incongruous story. Accordingly, he told Padilla of the *Miranda* rights. After obtaining a waiver, he conducted a strip-search of Padilla which included a visual examination of the rectal area. When this search revealed no drugs, the inspector asked Padilla if he would consent to an x-ray examination. Padilla indicated he would.

A third customs official was then notified. He also questioned Padilla and received the same inconclusive answers. Padilla was then taken to the hospital for x-rays. The x-rays showed foreign objects in Padilla's digestive tract. Padilla then acknowledged he had swallowed 115 cocaine-filled condoms. The condoms were found to contain 432 grams of cocaine.

■ At the border, a customs inspector must have a suspicion, reasonable under the circumstances, that a person may be carrying drugs internally before a person's stomach may be searched by x-ray. The reasonable suspicion standard requires a showing of articulable facts which are particularized as to the person and as to the place to be searched. *United States v. Vega-Barvo*, 729 F.2d 1341 (11th Cir.1984).

■ The facts of this case strongly resemble the facts in *United States v. Henao-Castano*, 729 F.2d 1364 (11th Cir. 1984). Padilla claimed, as did Henao-Castano, to be in Miami on business. Yet, like Henao-Castano, Padilla had only cheap clothing in his suitcase; had no business cards, credit cards, or checks; told a wildly implausible story about the items he hoped to purchase in this country; and had no realistic plan on how to transport home the items he had come for. In addition, Padilla falsely claimed to have reservations at a local hotel.

Two customs officials made the judgment that Padilla was an internal carrier before the strip search in this case, another before the x-ray following the negative results of the physical research. The customs inspectors' suspicions that Padilla was an internal carrier and that these

searches would reveal contraband were reasonable. The searches leading to discovery of cocaine did not violate the Fourth Amendment.

AFFIRMED.

HATCHETT, Circuit Judge, dissenting:

I dissent for the reasons stated in *United States v. Vega-Barvo*, 729 F.2d 1341 (11th Cir.1984).